UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| LAURA SHEEDY, | * | |
| | * | |
| Debtor/Appellant | * | |
| | * | |
| v. | * | Civil Action No. 16-cv-10702-ADB |
| | * | |
| CAROLYN BANKOWSKI, | * | |
| *Standing Chapter 13 Trustee,* and | * | |
| | * | |
| WILLIAM HARRINGTON | * | |
| *United States Trustee for Region I* | * | |
| | * | |
| Defendants. | * | |

## MEMORANDUM AND ORDER

BURROUGHS, D.J.

Currently pending before the Court is Laura Sheedy's ("Sheedy"), appeal, pursuant to 28 U.S.C. § 158(a), of the Bankruptcy Court's[1] denial of her Motion for Extension of Time to File Notice of Appeal ("Motion for Extension"). Sheedy, the Debtor/Appellant, argued below and argues here on appeal that she failed to file her Notice of Appeal by the deadline due to "excusable neglect" under Federal Rule of Bankruptcy Procedure 8002(d)(1), and thus her Motion for Extension should have been granted. For the reasons discussed herein, the Court AFFIRMS the Bankruptcy Court's decision denying the Motion for Extension.

I.   BACKGROUND

Sheedy's bankruptcy case has a long history, but the facts pertinent to the issue before this Court are simple. On June 8, 2010, Sheedy filed for relief under Chapter 13 of the United States Bankruptcy Code in the Bankruptcy Court. [ECF No. 12-1 at 4]. By 2015, the Bankruptcy

---

[1] The United States Bankruptcy Court for the District of Massachusetts

Court had not confirmed Sheedy's Chapter 13 plan. As a result, on September 23, 2015, the Standing Chapter 13 Trustee, Carolyn Bankowski ("Bankowski"), filed a motion to dismiss the case. Id. at 8. The Standing Chapter 13 Trustee is a private individual appointed by the United States Trustee to oversee the administrative aspects of a bankruptcy case. U.S. Department of Justice, Executive Office for United States Trustees, Handbook for Chapter 13 Standing Trustees 1-1–1-4 (2012). The Bankruptcy Court granted Bankowski's motion to dismiss on October 20, 2015. [ECF No. 12-1 at 8]. Following this dismissal, on December 8, 2015, Bankowski submitted her Final Report and Account and Request for Discharge of Trustee ("Final Report"). Id. Sheedy filed an Objection to the Final Report, arguing that Bankowski had unlawfully deducted a fee of $7,512.50. Id. at 12. After a hearing, the Bankruptcy Court overruled Sheedy's objection, and entered an order to that effect on March 10, 2016. Id. at 38.

On Monday, March 28, 2016, Sheedy filed a Notice of Appeal late, and simultaneously filed a motion requesting an extension of time within which to file the Notice of Appeal. [ECF No. 12-1 at 8]. In the Motion for Extension, Sheedy's attorney claimed he missed the filing deadline because he was a music director in a church and was consumed by the duties of that job leading up to Eastertide, which began the weekend the Notice of Appeal was due. Id. at 42. He argued that missing the filing deadline by one business day was excusable neglect, allowable under Federal Rule of Bankruptcy Procedure 8002(d)(1). Id. Bankowski and the United States Trustee both filed Objections to the Motion for Extension. Id. at 44.

The Bankruptcy Court denied the Motion for Extension, writing "[t]he Motion is denied for the reasons stated in the Objections to this Motion filed by the Chapter 13 Trustee and the United States trustee." [ECF No. 9 at 58]. On April 10, 2016, Sheedy appealed the Bankruptcy Court's denial of the Motion for Extension. [ECF No. 1]. In this appeal, the parties disagree as to

whether Sheedy's filing of her Motion for Extension one business day past the deadline set by Federal Rule of Bankruptcy Procedure 8002(a)(1) met the standard for excusable neglect.

## II.     LEGAL STANDARD

Federal Rule of Bankruptcy Procedure 8002(a)(1) states that "a notice of appeal must be filed with the bankruptcy clerk within 14 days after entry of the judgment, order, or decree being appealed." A bankruptcy court may extend this time "upon a party's motion that is filed: (A) within the time prescribed by this rule; or (B) within 21 days after that time, if the party shows excusable neglect." Fed. R. Bank. P. 8002(d)(1). Because Sheedy moved for an extension to file a Notice of Appeal after the expiration of the 14 day deadline, this appeal turns on whether Sheedy showed excusable neglect under Federal Rule of Bankruptcy Procedure 8002(d)(1)(B).

## III.    STANDARD OF REVIEW

This Court has jurisdiction to hear appeals from the Bankruptcy Court pertaining to "final judgments, orders, and decrees." 28 U.S.C. § 158(a). An order denying a Motion for Extension under Federal Rule of Bankruptcy Procedure 8002, which governs deadlines for such motions, is a final order. Balzotti et al. v. RAD Investments, LLC et al. (In re Shepherds Hill Dev. Co., LLC), 316 B.R. 406, 413 (B.A.P. 1st Cir. 2004). District courts reviewing an appeal from a bankruptcy court generally review findings of fact for clear error, and conclusions of law *de novo*. See TI Fed. Credit Union v. DelBonis, 72 F.3d 921, 928 (1st Cir. 1995); Western Auto Supply Co. v. Savage Arms, Inc. (In re Savage Indus., Inc.), 43 F.3d 714, 719–20 n.8 (1st Cir. 1994).

A bankruptcy court's denial of a motion for extension based on excusable neglect is reviewed for abuse of discretion. See Vasquez v. Cruz (In re Cruz), 323 B.R. 827, 829–30 (B.A.P. 1st Cir. 2005) ("[W]e review the bankruptcy court's determination regarding the

existence of excusable neglect for abuse of discretion."); Lure Launchers, LLC v. Spino, 306 B.R. 718, 721 (B.A.P. 1st Cir. 2004) (same); Eck v. Dodge Chem. Co. (In re Power Recovery Sys.), 950 F.2d 798, 801 (1st Cir. 1991) ("The question of excusable neglect is by its very nature left to the discretion of the bankruptcy court whose decision should not be set aside unless the reviewing court, a district court or court of appeals, has a definite and firm conviction that the court below committed a clear error of judgment."). A court abuses its discretion "when a material factor deserving significant weight is ignored, when an improper factor is relied upon, or when all proper and no improper factors are assessed, but the court makes a serious mistake in weighing them." Foster v. Mydas Assocs., Inc., 943 F.2d 139, 143 (1st Cir. 1991) (internal quotation marks omitted). Furthermore, "a court invariably abuses its discretion if it predicates a discretionary decision on a mistaken view of the law." Mirpuri v. ACT Mfg., Inc., 212 F.3d 624, 627 (1st Cir. 2000).

### IV.     DISCUSSION

On appeal, Sheedy argues that such a small delay in filing is excusable neglect, and that her Motion for Extension should have been granted pursuant to Federal Rule of Bankruptcy Procedure 8002(d)(1). Moreover, Sheedy argues that she is not required to show "unique or extraordinary circumstances," and that, even if she is, a religious holiday is sufficiently unique. Bankowski argues that the delay in filing the Motion for Extension is not attributable to excusable neglect because inadvertence, absent unique or extraordinary circumstances, cannot meet the standard. Furthermore, Bankowski responds that Sheedy must provide a "satisfactory explanation" for the delayed filing, which she is unable to do.

The term "excusable neglect" is broad, and whether a particular reason for delay qualifies as "excusable neglect" is determined by "latitudinarian standards." Pratt v. Philbrook, 109 F.3d

18, 19 (1st Cir. 1997). "Congress plainly contemplated that the courts would be permitted, where appropriate, to accept late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control." Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 388 (1993).[2] The Supreme Court refused to "limit the 'neglect' which might be excusable to those circumstances caused by intervening circumstances beyond a party's control," Pratt, 109 F.3d at 19 (discussing Pioneer), and specifically noted that negligence could qualify as neglect, Pioneer, 507 U.S. at 394.

      All neglect, however, does not qualify as "excusable neglect." A determination of whether the neglect at issue is excusable "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." Id. at 395. Courts consider the following factors in determining whether the alleged neglect was excusable: "the danger of prejudice to the [opposing party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." Id.; see also United States v. Union Bank for Sav. & Inv. (Jordan), 487 F.3d 8, 24 (1st Cir. 2007). "The four *Pioneer* factors do not carry equal weight; the excuse given for the late filing must have the greatest import. While prejudice, length of delay, and good faith might have more relevance in a closer case, the reason-for-delay factor will always be critical to the inquiry." Hospital del Maestro v. N.L.R.B., 263 F.3d 173, 175 (1st Cir. 2001) (quoting Lowry v. McDonnell Douglas Corp., 211 F.3d 457, 463 (8th Cir. 2000)).

---

[2] Although the latitudinarian Pioneer standards for excusable neglect were announced in a decision interpreting the Federal Rules of Bankruptcy Procedure, the Supreme Court intended for those standards to apply to all instances where "excusable neglect" appears in the applicable federal rules of procedure. See Pratt, 109 F.3d at 19; Pioneer, 507 U.S. at 391–93.

Following Pioneer, the First Circuit does not always require a showing of "unique or extraordinary circumstances" to establish excusable neglect. See Graphic Commc'ns Int'l Union, Local 12-N v. Quebecor Printing Providence, Inc., 270 F.3d 1, 4 (1st Cir. 2001).[3] However, a showing of "unique or extraordinary circumstances" is still required when the neglect is only "[m]ere 'inadvertence, ignorance of the rules, or mistakes construing the rules,'" which do not generally qualify as excusable neglect. Mirpuri, 212 F.3d at 631 (quoting Pioneer, 507 U.S. at 392).

Here, counsel's explanation for the delay seems to amount to mere inadvertence. The First Circuit has explicitly observed that the excuse that the "attorney was preoccupied with other matters . . . has been tried before, and regularly has been found wanting." de la Torre v. Continental Ins. Co., 15 F.3d 12, 15 (1st Cir. 1994). "A heavy workload and/or inattention of an attorney do not ordinarily constitute excusable neglect." Deo-Agbasi v. Parthenon Group, 229 F.R.D. 348, 349 (D. Mass. 2005). Although the existence of "unique or extraordinary" circumstances might raise mere inadvertence to the level of excusable neglect, the Court is not persuaded that the Bankruptcy Judge abused her discretion in concluding that the responsibilities in connection with a religious holiday that Sheedy's counsel knew about well in advance did not qualify as a unique or extraordinary circumstance. Knowing that he would have additional responsibilities around Easter, Sheedy's counsel could have and should have planned his schedule and workload accordingly. Moreover, the Notice of Appeal did not require an onerous amount of work to create and file. "Most attorneys are busy most of the time and they must organize their work so as to be able to meet the time requirements of matters they are handling or

---

[3] A court may still consider the absence of "unique or extraordinary circumstances" "as a check on its conclusion that this degree of carelessness and inattention warranted no relief." Graphic, 270 F.3d at 8.

6

suffer the consequences." Stonkus v. City of Brockton School Dep't, 322 F.3d 97, 101 (1st Cir. 2003) (quoting de la Torre, 15 F.3d at 15); see also Ruiz v. Principal Fin. Group, No. 12-40069, 2013 WL 6524655, at *2 (D. Mass. Dec. 10, 2013) ("attorney being 'occupied with other hearings does not constitute excusable neglect.'") (quoting Hawks v. J.P. Morgan Chase Bank, 591 F.3d 1042, 1048 (8th Cir.2010)). Besides being busy, Sheedy's counsel offers no other explanation that might excuse the delay. Thus, it was not an abuse of discretion for the Bankruptcy Court to have determined that the neglect in this case, which counsel explained merely as excessive busyness around a holiday, did not rise to the level "excusable neglect."

Because the reason for delay is the most important Pioneer factor, the Court need not address the remaining factors. The First Circuit has repeatedly viewed the "reason for delay" factor in the Pioneer excusable neglect analysis to be dispositive. See, e.g., Villoldo v. Ruz, 821 F.3d 196, 205 (1st Cir. 2016) (in affirming a district court's finding of no excusable neglect, "reason for delay" factor treated as dispositive); Venegas-Hernandez v. Sonolux Records, 370 F.3d 183, 187 (1st Cir. 2004) (in affirming a district court finding of no excusable neglect, the court stopped its analysis after the "reason for delay" was found lacking); United States v. $23,000 in U.S. Currency, 356 F.3d 157, 165–66 (1st Cir. 2004) (same). Because Sheedy's counsel failed to provide a unique or extraordinary circumstance to explain his delay, the Bankruptcy Court did not abuse its discretion in finding that his excuse of inadvertence did not qualify as excusable neglect. See Mirpuri, 212 F.3d at 631.

### V.  CONCLUSION

Although this Court may have decided this issue differently than the Bankruptcy Court if this were a matter of first impression, the standard of review in this case constrains this Court's authority. For all the reasons stated above, this Court finds the Bankruptcy Judge did not abuse

her discretion, and therefore <u>AFFIRMS</u> the Bankruptcy Court's decision denying Sheedy's Motion for Extension.

**SO ORDERED.**

Dated: January 6, 2017                                          /s/ Allison D. Burroughs
                                                                ALLISON D. BURROUGHS
                                                                U.S. DISTRICT JUDGE